## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

AVE-PLP, LLC d/b/a AGRIVISION
EQUPMENT GROUP,

        Plaintiff,

vs.

AGRIVISION, LLC,

        Defendant.

Civil Action No. _____

## COMPLAINT

Plaintiff AVE-PLP, LLC d/b/a AgriVision Equipment Group ("**Plaintiff**"), by and through undersigned counsel, hereby submits this Complaint against Defendant AgriVision LLC ("**Defendant**"), and in support states and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for federal and state trademark infringement, unfair competition and related claims under Lanham Act, 15 U.S.C. §1051 et seq. and other federal and state/statutory common law.

### PARTIES

2. Plaintiff AVE-PLP, LLC doing business through its trade name, AgriVision Equipment Group, is a Kansas limited liability company with its principal place of business located at 58668 109th St., Pacific Junction, Iowa 51561.

3. Defendant AgriVision LLC is a Kansas limited liability company with its principal place of business located at 2000 E. 13th St., Hays, Kansas 67601. Defendant may be served through its registered agent, Ted Schepmann, at 2407 Duncan St., Newton, Kansas 67114.

4908-0942-7078 v.5

**JURISDICTION AND VENUE**

4.    This Court has subject matter jurisdiction under section 39 of the Lanham Act, U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. The Court has subject matter jurisdiction over Plaintiff's related state and common law claims under 28 U.S.C. § 1338(b) and 1367.

5.    This Court has personal jurisdiction over Defendant because Defendant has committed and continues to commit acts of infringement and other violations in Kansas and because Defendant regularly transacts and conducts business in Kansas.

6.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**GENERAL ALLEGATIONS**

***Plaintiff and Its Mark***

7.    Plaintiff is in the business of providing equipment, parts, service and technology solutions primarily to customers in the agriculture industry and is one of the largest authorized John Deere equipment dealers in the United States (the "**Services**").

8.    Since at least 2015, Plaintiff began using the mark "AGRIVISION EQUIPMENT GROUP" (the "**Mark**") in connection with its business and Services.

9.    Since then, Plaintiff has expended significant investment and resources in marketing, branding and the development of goodwill focused around the Mark.

10.    Plaintiff has continuously used its Mark in commerce in connection with Services performed across the United States, with extensive use and recognition nationwide through its own website and third-party online marketplaces, and multiple dealership locations throughout the

4908-0942-7078 v.5

country, including Kansas, Iowa, Missouri, Nebraska, Minnesota, South Dakota, and North Dakota (the "**Geographic Area**").

11.     As a result of Plaintiff's widespread, continuous, and exclusive use of the Mark to identify the Services and Plaintiff as their source, the Mark is distinctive to both the consuming public and Plaintiff's trade, has become synonymous with Plaintiff in the Geographic Area, has come to signify the high quality of Plaintiff's Services, and represents substantial and valuable goodwill of Plaintiff.

### *Defendant's Willful Infringement of the Mark and Resulting Confusion*

12.     On or around 2022, Defendant began promoting, marketing and using the names "AGRIVISION", "AGRIVISION ASSET MANAGMENT", and/or "AGRIVISION, LLC" in connection with selling farm and agricultural equipment (the "**infringing marks**").

13.     True and correct copies of a screen print from Defendant's website showing Defendant's use of the infringing marks are attached as **Exhibit A**.

14.     True and correct copies of screen prints from third-party online seller websites showing Defendant's use of one or more of the infringing marks are attached as **Exhibit B**.

15.     There is a substantial and obvious similarity between Plaintiff's Mark and the infringing marks used by Defendant, with the dominant, source-identifying portion of each being the unique name "AGRIVISION", which in each case is followed by descriptive words such as "equipment group" or "asset management", or by the generic business entity identifier "LLC", none of which serve a source-identifying function.

16.     In addition to using a confusingly similar mark, the style and font used by Defendant directly mimics the style and font used by Plaintiff causing both names to appear as "AgriVision" on various online websites.

4908-0942-7078 v.5

3

17. Since 2022, Defendant has misappropriated Plaintiff's Mark through use of the infringing marks in connection with similar services offered by Plaintiff, in a manner similar to Plaintiff, and in the same Geographic Area as Plaintiff.

18. On December 9, 2025, counsel for Plaintiff sent a letter to Defendant notifying Defendant of Defendant's infringement of Plaintiff's Mark and demanding that Defendant cease and desist from using the infringing marks.

19. Nevertheless, Defendant has at all times continued to use the infringing marks in connection with similar services offered by Plaintiff, in a manner similar to Plaintiff, and in the same Geographic Area as Plaintiff.

20. Defendant's past and current use of the infringing marks in connection with similar services offered by Plaintiff, in a manner similar to Plaintiff, and in the same Geographic Area as Plaintiff, is intended to trade on the goodwill of Plaintiff, cause confusion in the marketplace, and create a false perception that Plaintiff is affiliated with Defendant.

21. Defendant's past and current use of the infringing marks in connection with similar services offered by Plaintiff, in a manner similar to Plaintiff, and in the same Geographic Area as Plaintiff, has created actual confusion among Plaintiff's existing customers, has caused actual confusion on the marketplace, and has diverted business from Plaintiff to Defendant.

22. For example, on several occasions known to Plaintiff, Plaintiff's customers have found agricultural equipment listed online for sale by Defendant under the name "AGRIVISION" causing Plaintiff's customers to believe the seller was Plaintiff rather than Defendant.

23. In several instances, Plaintiff's customers have contacted Plaintiff expressing confusion regarding Defendant's affiliation with Plaintiff, if any.

24.     On or around January 19, 2026, one of Plaintiff's customers contacted Plaintiff after seeing a combine listed for sale online by Defendant under the name "AGRIVISION" stating "I am seeing this machine 2018 740TT, does it belong to your company that I can arrange to purchase?" A true and accurate copy of the message is attached hereto as **Exhibit C**.

25.     On another occasion, one of Plaintiff's customers contacted Plaintiff after seeing planters listed for sale online by Defendant under the name "AGRIVISION" stating "Are those planters you're selling on auction 30"?" A true and accurate copy of the text message is attached hereto as **Exhibit D**.

26.     On several instances, Plaintiff has had to explain to potential customers on social media that Plaintiff is not associated with Defendant, or the auction listings Defendant puts up. For instance, on one occasion, Plaintiff responded to a potential customer on one of Defendant's Facebook posts stating "This company is not affiliated with Agrivision Equipment Group just FYI" in order to avoid potential confusion. A true and accurate copy of the social media post is attached hereto as **Exhibit E**.

27.     On or around February 12, 2026, Plaintiff was contacted by an individual who had purchased a head trailer listed for sale online by Defendant under the name "AGRIVISION" and was looking for payment instructions. Plaintiff had to explain to the individual that he had likely purchased the head trailer from Defendant AgriVision LLC and not Plaintiff AgriVision Equipment Group.

28.     Defendant's continued use of the infringing marks continues to cause confusion in the marketplace, including among Plaintiff's current customers and prospective customers, and misleads consumers into believing that Defendant's services are affiliated with Plaintiff.

4908-0942-7078 v.5

29.    As a result of Defendant's infringement of Plaintiff's Mark and other misconduct, Plaintiff has been damaged in the form of lost revenues the full amount of which is yet to be ascertained but believed to be in excess of $75,000.

### COUNT I – FEDERAL TRADEMARK INFRINGEMENT

30.    Plaintiff incorporates the above allegations as though fully set forth herein.

31.    This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32.    Since at least 2015, Plaintiff has acquired, used, and exercised valid trademark rights in its distinctive Mark.

33.    Defendant's unauthorized use of the infringing marks as described herein, which began well after Plaintiff acquired protectible common law rights in the Mark, is likely to cause confusion and deceive consumers as to the origin, sources, sponsorship or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant and its goods/services are authorized, endorsed or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

34.    Defendant's unauthorized use of the infringing marks in commerce within the Geographic Area constitutes infringement of Plaintiff's federally protected service mark.

35.    Defendant's acts and misconduct alleged herein have caused and will continue to cause Plaintiff monetary damages, loss and injury in an amount not yet ascertained but believed to be in excess of $75,000.

36.    Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

4908-0942-7078 v.5

37.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant permanently enjoining Defendant's use of the infringing marks in the Geographic Area, awarding Plaintiff three times the amount of its actual damages to be determined at trial, the profits derived by Defendant by using the infringing marks, along with all other monetary damage sustained, or at a minimum the actual amount of profits derived/damages sustained, awarding Plaintiff its costs and reasonable attorneys' fees and for such other relief as the Court deems just and proper.

### COUNT II – FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

38.     Plaintiff incorporates the above allegations as though fully set forth herein.

39.     This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for false designation of origin and unfair competition.

40.     As the exclusive owner and user of the Mark within the Geographic Area, Plaintiff possesses valuable common law rights to the Mark and the goodwill associated with it.

41.     Defendant's unauthorized use of the infringing marks in the Geographic Area constitutes use in commerce of a false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive actual or potential consumers as to the affiliation, connection, or association of Defendant with Plaintiff, or as to origin, sponsorship, or approval of Defendant's services by Plaintiff or, conversely, Plaintiff's services by Defendant.

4908-0942-7078 v.5

7

42.     Defendant's unauthorized use of the infringing marks in commerce within the Geographic Area constitutes use in commerce of a term confusingly similar to the Mark in violation of 15 U.S.C § 1125(a).

43.     Defendant's unauthorized use of the infringing marks within the Geographic Area has caused and will continue to cause Plaintiff monetary damage, loss, and injury in an amount not yet ascertained but believed to be in excess of $75,000.

44.     Defendant's acts and misconduct as described herein have been and will continue to be willful.

45.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by the Court.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant permanently enjoining Defendant's use of the infringing marks in the Geographic Area, awarding Plaintiff three times the amount of its actual damages to be determined at trial, the profits derived by Defendant by using the infringing marks, along with all other monetary damage sustained, or at a minimum the actual amount of profits derived/damages sustained, awarding Plaintiff its costs and reasonable attorneys' fees and for such other relief as the Court deems just and proper.

## COUNT III – KANSAS COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

46.     Plaintiff incorporates the above allegations as though fully set forth herein.

47.     This cause of action arises under Kansas common law for trademark infringement and unfair competition and is asserted in the alternative to Plaintiff's Lanham Act claims set forth in Counts I and II.

4908-0942-7078 v.5

48.     As the exclusive owner and user of the Mark within Kansas, Plaintiff possesses common law rights to the Mark and the goodwill associated with it.

49.     Defendant's unauthorized use of the infringing marks within Kansas constitutes trademark infringement and unfair competition in violation of the common law of Kansas.

50.     Defendant's unauthorized use of the infringing marks in Kansas as alleged herein has caused and will continue to cause consumer confusion and the mistaken belief that Plaintiff and Defendant are the same business; that Defendant is an agent, affiliate, or associate of Plaintiff; or that Defendant's goods and services are produced, sponsored, or approved by Plaintiff.

51.     Defendant's unauthorized use of the infringing marks within Kansas has caused and will continue to cause Plaintiff monetary damages, loss, and injury in an amount not yet ascertained but believed to be in excess of $75,000.

52.     Defendant's acts and misconduct as described herein have been and will continue to be willful.

53.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant permanently enjoining Defendant's use of the infringing marks in the State of Kansas, awarding Plaintiff all profits derived by Defendant from the use of the Mark in the State of Kansas and other monetary damages sustained by Plaintiff, awarding Plaintiff its costs and attorneys' fees incurred herein, and for such other and further relief as the Court deems just and proper.

4908-0942-7078 v.5

## COUNT IV – MISSOURI COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

54.    Plaintiff incorporates the above allegations as though fully set forth herein.

55.    This cause of action arises under Missouri common law for trademark infringement and unfair competition and is asserted in the alternative to Plaintiff's Lanham Act claims set forth in Counts I and II.

56.    As the exclusive owner and user of the Mark in Missouri, Plaintiff possesses valuable common law rights to the Mark and the goodwill associated with it.

57.    Defendant's unauthorized use of the infringing marks within Missouri constitutes trademark infringement and/or unfair competition in violation of the common law of Missouri.

58.    Defendant's unauthorized use of the infringing marks in Missouri as alleged herein has caused and will continue to cause consumer confusion and the mistaken belief that Plaintiff and Defendant are the same business; that Defendant is an agent, affiliate, or associate of Plaintiff; or that Defendant's goods and services are produced, sponsored, or approved by Plaintiff.

59.    Defendant's unauthorized use of the infringing marks within Missouri has caused and will continue to cause Plaintiff monetary damages, loss, and injury in an amount not yet ascertained but believed to be in excess of $75,000.

60.    Defendant's acts and misconduct as described herein have been and will continue to be willful.

61.    Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant permanently enjoining Defendant's use of the infringing marks in the State

4908-0942-7078 v.5

10

of Missouri, awarding Plaintiff all profits derived by Defendant from the use of the infringing marks in the State of Missouri, and other monetary damages sustained by Plaintiff, awarding Plaintiff its costs and attorneys' fees incurred herein, and for such other and further relief as the Court deems just and proper.

### COUNT V – IOWA COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITON

62.     Plaintiff incorporates the above allegations as though fully set forth herein.

63.     This cause of action arises under Iowa common law for trademark infringement and unfair competition and is asserted in the alternative to Plaintiff's Lanham Act claims set forth in Counts I and II.

64.     As the exclusive owner and user of the Mark in Iowa, Plaintiff possesses valuable common law rights to the Mark and the goodwill associated with it.

65.     Defendant's unauthorized use of the infringing marks within Iowa constitutes trademark infringement and/or unfair competition in violation of the common law of Iowa.

66.     Defendant's unauthorized use of the infringing marks in Iowa as alleged herein has caused and will continue to cause consumer confusion and the mistaken belief that Plaintiff and Defendant are the same business; that Defendant is an agent, affiliate, or associate of Plaintiff; or that Defendant's goods and services are produced, sponsored, or approved by Plaintiff.

67.     Defendant's unauthorized use of the infringing marks within Iowa has caused and will continue to cause Plaintiff monetary damages, loss, and injury in an amount not yet ascertained but believed to be in excess of $75,000.

68.     Defendant's acts and misconduct as described herein have been and will continue to be willful.

4908-0942-7078 v.5

11

69.    Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant permanently enjoining Defendant's use of the infringing marks in the State of Iowa, awarding Plaintiff all profits derived by Defendant from the use of the infringing marks in the State of Iowa, and other monetary damages sustained by Plaintiff, awarding Plaintiff its costs and attorneys' fees incurred herein, and for such other and further relief as the Court deems just and proper.

### COUNT VI – KANSAS TRADEMARK DILUTION

70.    Plaintiff incorporates the above allegations as though fully set forth herein.

71.    This cause of action arises under K.S.A. § 81-214 for trademark dilution.

72.    As the exclusive owner and user of the Mark within Kansas, Plaintiff possesses valuable common law rights to the Mark and the goodwill associated with it.

73.    Since at least 2015 until the time of Defendant's unlawful infringement, Plaintiff has exclusively and continuously used its Mark in Kansas in connection with its Services. The Mark has become a famous and well-known symbol of Plaintiff as a provider of the Services within the state of Kansas.

74.    Subsequent to the Mark becoming famous, Defendant has and continues to make use in commerce in the State of Kansas of the infringing marks that dilute and are likely to dilute the distinctiveness of Plaintiff's Mark by eroding the public's exclusive identification of the Mark with Plaintiff, tarnishing and degrading the positive associations and connections of the Mark to

4908-0942-7078 v.5

Plaintiff, and otherwise lessening the capacity of the Mark to identify and distinguish Plaintiff's services.

75. Defendant's acts and misconduct as described herein have been and will continue to be willful.

76. Defendant has caused and is likely to continue causing injury to the business reputation of Plaintiff and dilution of the distinctive quality of the Mark in violation of K.S.A. § 81-214 and Plaintiff is therefore entitled to injunctive relief.

77. Additionally, because Defendant has acted willfully in trading on Plaintiff's reputation and diluting the Mark, in addition to injunctive relief, Plaintiff is entitled to recover all remedies set forth in K.S.A. § 81-215, including treble damages/profits and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant permanently enjoining Defendant's use of the infringing marks in the State of Kansas, awarding Plaintiff three times the profits derived by Defendant in using the infringing marks in Kansas, three times the damages suffered by Plaintiff by reason of such use, and all other monetary damages sustained by Plaintiff, or at a minimum the actual amount of profits derived/damages sustained, awarding Plaintiff its costs and reasonable attorneys' fees and for such other relief as the Court deems just and proper.

### COUNT VII – MISSOURI TRADEMARK DILUTION

78. Plaintiff incorporates the above allegations as though fully set forth herein.

79. This cause of action arises under Mo. Rev. Stat. § 417.061 for trademark dilution.

80. As the exclusive owner and user of the Mark within Missouri, Plaintiff possesses valuable common law rights to the Mark and the goodwill associated with it.

4908-0942-7078 v.5

81.     Since at least 2015 until the time of Defendant's unlawful infringement, Plaintiff has exclusively and continuously used its Mark in Missouri in connection with its Services.

82.     Defendant is making use in commerce in the State of Missouri of infringing marks that dilute and is likely to dilute the distinctiveness of Plaintiff's Mark by eroding the public's exclusive identification of the Mark with Plaintiff, tarnishing and degrading the positive associations and connections of the Mark to Plaintiff, and otherwise lessening the capacity of the Mark to identify and distinguish Plaintiff's services.

83.     Defendant's acts and misconduct as described herein have been and will continue to be willful.

84.     Defendant has caused and is likely to continue causing injury to the business reputation of Plaintiff and dilution of the distinctive quality of the Mark in violation of Mo. Rev. Stat. § 417.061 and Plaintiff is therefore entitled to injunctive relief.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant permanently enjoining Defendant's use of the infringing marks in the State of Missouri, awarding Plaintiff its costs and attorneys' fees incurred herein, and for such other relief as the Court deems just and proper.

### COUNT VIII – IOWA TRADEMARK DILUTION

85.     Plaintiff incorporates the above allegations as though fully set forth herein.

86.     This cause of action arises under Iowa Code § 548.113 for trademark dilution.

87.     As the exclusive owner and user of the Mark within Iowa, Plaintiff possesses valuable common law rights to the Mark and the goodwill associated with it.

88.     Since at least 2015 until the time of Defendant's unlawful infringement, Plaintiff has exclusively and continuously used its Mark in Iowa in connection with its Services. The Mark

4908-0942-7078 v.5

has become a famous and well-known symbol of Plaintiff as a provider of the Services within the State of Iowa.

89.     Subsequent to the Mark becoming famous, Defendant has and continues to make use in commerce in the State of Iowa of infringing marks that dilute and are likely to dilute the distinctiveness of Plaintiff's Mark by eroding the public's exclusive identification of the Mark with Plaintiff, tarnishing and degrading the positive associations and connections of the Mark to Plaintiff, and otherwise lessening the capacity of the Mark to identify and distinguish Plaintiff's services.

90.     Defendant's acts and misconduct as described herein have been and will continue to be willful.

91.     Defendant has caused and is likely to continue causing injury to the business reputation of Plaintiff and dilution of the distinctive quality of the Mark in violation of Iowa Code § 548.113 and Plaintiff is therefore entitled to injunctive relief.

92.     Additionally, because Defendant has acted willfully in trading on Plaintiff's reputation and diluting the Mark, in addition to injunctive relief, Plaintiff is entitled to recover all remedies set forth in Iowa Code § 548.114, including treble damages/profits and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant permanently enjoining Defendant's use of the infringing marks in the State of Iowa, awarding Plaintiff three times the profits derived by Defendant in using the infringing marks in Iowa, three times the damages suffered by Plaintiff by reason of such use, and all other monetary damages sustained by Plaintiff, or at a minimum the actual amount of profits derived/damages sustained, awarding Plaintiff its costs and reasonable attorneys' fees and for such other relief as the Court deems just and proper.

4908-0942-7078 v.5

## JURY DEMAND

Plaintiffs requests a trial by jury on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff's hereby designate Kansas City, Kansas as the place of trial in this case.

Respectfully submitted,


SEIGFREID BINGHAM, PC

By:     /s/ *Christopher C. Tillery*
Christopher C. Tillery, KS #22628
Mackenzie M. Clark, D. Kan #79317
2323 Grand Boulevard, Suite 1000
Kansas City, Missouri 64108
T: (816) 421-4460
F: (816) 474-3447
ctillery@sb-kc.com
kclark@sb-kc.com

*Attorneys for Plaintiff*

4908-0942-7078 v.5